Appellant State of Ohio is appealing the decision of the Richland County Court of Common Pleas that found R.C. Chapter 2950 violated Sections 9 and 10, Article I of the United States Constitution and Section 28, Article II of the Ohio Constitution. The following facts give rise to this appeal.
The Richland County Grand Jury indicted appellee on January 12, 1996, charging him with five counts of sexual battery. This matter proceeded to trial on March 28, 1996. Following deliberations, the jury found appellee guilty as charged in the indictment. We affirmed appellee's conviction on March 5, 1997.[1]
After the enactment of Ohio's version of Megan's Law, in R.C. Chapter 2950, the warden of the Ohio penal institution where appellee is incarcerated recommended that appellee be classified a "sexual predator". Prior to this hearing, appellee filed a motion challenging the constitutionality of R.C. Chapter 2950. On August 19, 1997, the trial court issued a judgment entry finding R.C. Chapter 2950 unconstitutional on ex post facto and retroactive grounds.
The State of Ohio timely filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. APPLICATION OF OHIO REVISED CODE CHAPTER 2950 DOES NOT VIOLATE THE UNITED STATES CONSTITUTION.
 II. APPLICATION OF OHIO REVISED CODE CHAPTER 2950 DOES NOT VIOLATE THE OHIO CONSTITUTION.
 I, II
We will address appellant's first and second assignments of error simultaneously as both concern the retroactive application of R.C. Chapter 2950. Appellant maintains, in it's first assignment of error, the retroactive provisions of R.C. Chapter 2950 do not violate the Ex Post Facto Clause of the United States Constitution. In its second assignment of contends the retroactive provisions of R.C. Chapter 2950 do not violate Section 28, Article II of the Ohio Constitution. We agree with both assignments of error.
We previously addressed these issues in the case ofState v. McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported. Based on the Ohio Supreme Court's decision in Statev. Cook (1998), 83 Ohio St.3d 404, we found R.C. Chapter 2950 is not unconstitutional on ex post facto and retroactive grounds. In reaching this conclusion, we relied on paragrahphs one and two of the syllabus in the Cook decision. These paragraphs provide as follows:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
Pursuant to the Ohio Supreme Court's decision in Cook and our recent decision in McIntyre case, we sustain appellant's first and second assignments of error.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P. J., Hon. W. Scott Gwin, J., Hon. W. Don Reader, V. J. (Retired from the Fifth Appellate District, Sitting by Supreme Court Assignment), JUDGES.
[1] State v. Scott (March 5, 1997), Richland App. No. 96-CA-36, unreported.